UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SARKAR INVESTMENTS, INC. D/B/A PALACE INN - TOMBALL, | § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-03061 |
| | § | |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, *et al*, | § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is a Motion to Remand filed by Plaintiff Sarkar Investments, Inc. d/b/a Palace Inn-Tomball ("Palace Inn" or "Plaintiff"). (Doc. No. 6.) Defendant Travelers Property Casualty Company of America ("Travelers") opposes the motion. The only issue at this stage in the litigation is whether one of Travelers' employees was improperly joined as a defendant. Having considered the filings, the responses thereto, and applicable law, the Court **GRANTS** the motion.

### I. BACKGROUND

This is an insurance case. The following facts are drawn from the allegations in Palace Inn's Original Petition. (Doc. No. 6-1.) Plaintiff is the owner of a Travelers Texas Commercial Property Policy (the "Policy") on its hotel property (the "Property"). (*Id.* at 4.) The Policy covers damage caused by hail, wind, and water as a result of storm-created openings. (*Id*.)

Plaintiff asserts that on or about April 2015, a storm damaged the Property and caused covered losses. (*Id*. at 5.) Thereafter, Plaintiff timely submitted an insurance claim to Travelers.

(*Id.*) Travelers assigned Defendant Shelby Carr ("Mr. Carr") to adjust Plaintiff's insurance claim. (*Id.*)

As the assigned adjuster, Mr. Carr was responsible for investigating the insurance claim, determining the cause of loss, retaining any experts necessary to make that determination, estimating the costs to repair or replace covered damages, assessing the amount of coverage under the Policy, paying the insurance claim up to an authorized amount, and ultimately settling the insurance claim. (*Id.* at 6.) Plaintiff complains that Mr. Carr "conducted a substandard inspection and prepared a repair/replace estimate that vastly under-scoped the actual covered damages to the Property . . . [which] did not allow for any funds to cover repairs or replacements to restore Plaintiff's Property as provided for under the Policy." (*Id.* at 6-7.) More specifically, Plaintiff pleads that Mr. Carr's inspection was deficient in the following respects:

> . . . Mr. Carr used the services of an engineering firm . . . biased towards finding no covered damage given the directions, observations, and conclusions provided by Mr. Carr. Under his direction, Mr. Carr and the engineering firm spent little time inspecting the Property overall, focused their investigation on the roof of the main building, gave cursory attention to the exterior areas of the Property, and failed to inspect the interior areas of the Property. To inspect the roofs, Mr. Carr and the engineering firm only visually checked for storm damage within a few sample test areas that were not representative of the roofs. Although they observed evidence of hail and wind damage to the main building's roof, Mr. Carr and the engineering firm did not conduct any testing that would have enabled them to identify the full extent of the hail and wind damage that substantially compromised the integrity of the roofs or the storm-created openings and separations through which the interior water damage ensued in multiple rooms, and which their limited visual inspection failed to identify . . . .
>
> [Mr. Carr overlooked] most of the hail and wind damage to the roofs of the main building and portico/covered entryway; the hail damage to the exterior stucco of the main building; the hail damage to exterior wooden fencing and metal handrails and fencing; and the water intrusion damage in the boiler room and 2 guest rooms.

Instead, Mr. Carr only accounted for wind damage to a 15 linear-foot portion of the ridge cap and hail damage to 3 roof vents of the main building. Nevertheless, Mr. Carr also underestimated and misrepresented the actual cost to repair or replace the underscoped wind and hail damage he included in his estimate, particularly with respect to the necessary costs of materials, labor, taxes, and contractor overhead and profit. Mr. Carr further assumed and misrepresented that any other damage to the Property was not caused by the storm and was therefore not covered under the Policy, even though such damage did not exist before the storm occurred. To ostensibly settle Plaintiff's insurance claim, Mr. Carr determined there was no coverage under the Policy, decided none of the insurance claim should be paid, and prepared an estimate to misrepresent that no payment was due on the insurance claim. Thus, Mr. Carr misrepresented material facts regarding lack of coverage for the omitted storm damages and the costs of needed repairs, replacements, materials, taxes, and contractor overhead and profit.

(*Id.* at 7–8.) Palace Inn sued Travelers and Mr. Carr in the 281st Judicial District Court in Harris County, Texas for breach of contract, Texas Insurance Code violations, Texas Deceptive Trade Practices (DTPA) violations, and breach of the duty of good faith and fair dealing. (*Id.* at 12–18.)

Defendants removed the case to this Court. (Doc. No. 1.) They argue that this Court has diversity jurisdiction because Palace Inn is an entity having its principal place of business in Texas while Travelers is a Connecticut corporation. (*Id.* at 1-2.) There seems to be no dispute that the amount in controversy exceeds $75,000 and that Mr. Carr is a citizen and resident of Texas. (*Id.* at 2.) The only question, therefore, is whether Mr. Carr was improperly joined.

## II. APPLICABLE LAW

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Removal is therefore possible in "all civil actions where

the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires each plaintiff to have citizenship diverse from each defendant. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016).

The doctrine of improper joinder stems from the text of 28 U.S.C. § 1441(b)(2): "A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." If the proper joinder of non-diverse defendants defeats diversity jurisdiction, then their improper joinder does not have that result. Thus, "the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). In this inquiry, "[t]he burden of proof is on the removing party." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

There are two types of improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003). Under the latter type, "the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. There must be more than a "mere theoretical possibility of recovery under local law." *Id.* at 573 n.9 (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

A court can make the improper-joinder determination in one of two ways. It can conduct a Rule 12(b)(6) analysis, scrutinizing the complaint's allegations to see whether the complaint states a claim on which relief can be granted. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573. Alternatively, the court can "pierce the pleadings and conduct a summary inquiry." *Id.* As between these two methods, "a court *may* choose to use either one of these two analyses, but it *must* use one and only one of them, not neither or both." *Int'l Energy Ventures*, 818 F.3d at 207.

"[D]ecisions about removal must be made on the basis of federal law, not state law." *Int'l Energy Ventures*, 818 F.3d at 202. Consequently, a court must apply the federal, rather than the state, pleading standard to its 12(b)(6) analysis. *Id.*

Federal Rule of Civil Procedure 8(a)(2) supplies the general requirement for pleadings in federal court—"a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). The complaint must plead "only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Allegations of fraud must satisfy the stricter pleading requirements of Federal Rule of Civil Procedure 9(b). Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "At a minimum, Rule 9(b) requires

allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (internal citations omitted). "Although the language of Rule 9(b) confines its requirements to claims of . . . fraud, the requirements of the rule apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) (quotations omitted). Courts are "careful to distinguish between [Texas Insurance Code] provisions which are ultimately grounded in fraud and those that are not." *Abdon v. State Farm Lloyds*, No. 7:17-CV-00006, 2017 WL 3535441, at *2 (S.D. Tex. Aug. 17, 2017). A claim under Texas Insurance Code § 541(a)(2)(A) "does not rest on allegations of fraud, as that section does not concern reliance on material representations. Therefore [a plaintiff] need only meet the pleading requirements of Rule 8(a)." *Tiras v. Encompass Home & Auto Ins. Co.*, No. 4:10-CV-03266, 2011 WL 5827298, at *4 (S.D. Tex. Nov. 17, 2011).

When doing a Rule 12(b)(6) analysis as part of an improper joinder inquiry, a district court must also heed the Fifth Circuit's instruction that "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). "[T]he existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

## III. ANALYSIS

In this case, the parties seem to agree that the Court should elect the 12(b)(6) approach, which the Court agrees is appropriate because no evidentiary record yet exists that could be reached by piercing the pleadings. Cognizant that only one valid cause of action need exist for remand to be required, the Court begins with one of Plaintiff's Texas Insurance Code claims. Plaintiff alleges that Mr. Carr engaged in the following unfair practice: "Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of an insurance claim submitted in which liability has become reasonably clear, *see* Tex. Ins. Code § 541.060(a)(2)." (Doc. No. 6-1 at 17.) Under Tex. Ins. Code Ann. § 541.060(a)(2), "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the insurer's liability has become reasonably clear" is "an unfair method of competition or an unfair or deceptive act or practice in the business of insurance . . . ." As this Court has previously held, the gravamen of a § 541.060(a)(2) is not fraud. *Tiras v. Encompass Home & Auto Ins. Co.*, No. 4:10-CV-03266, 2011 WL 5827298, at *4 (S.D. Tex. Nov. 17, 2011). Therefore, the Rule 8(a) pleading standard applies to that claim.

Defendants argue that Plaintiff has failed to allege sufficient specific facts against Mr. Carr that would lead to individual liability, and has thus failed to allege a reasonable basis for predicting that state law would allow recovery against Mr. Carr. (Doc. No. 8 at 13.) Defendants cite several federal district court decisions finding that the prohibitions under the Texas Insurance Code apply only to insurers and not to adjusters. (*Id.* at 9-11.) This question of individual liability under § 541.060 has roiled the federal district courts in Texas. *See* Memorandum and Order Granting Remand, *Diep v. First Cmty. Ins. Co.*, No. 4:17-cv-438, at 10–12 (S.D. Tex. May 5, 2017) (Doc. No. 7) (Atlas, J.) (analyzing divergence among the courts);

*Mehar Holdings, LLC v. Evanston Ins. Co.*, 2016 WL 5957681, at *4 (W.D. Tex. Oct. 14, 2016) (Ezra, J.) (same).

The weight of authority favors the courts holding that adjusters may be found individually liable under § 541.060. The Texas Insurance Code's prohibition of unfair settlement practices applies to any "person." § 541.003. The Code defines "person" as "an individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster*, or life and health insurance counselor." § 541.002 (emphasis added). Adjusters are expressly included in this definition.

Construing essentially identical statutory text in an earlier version of the Code,[1] the Texas Supreme Court ruled that an insurance agent could be held individually liable for engaging in unfair insurance practices. *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 487 (Tex. 1998). The court noted that individuals were included in the definition of "person," as long as they were "engaged in the business of insurance." *Id.* at 484–85. Scrutinizing the activities of the insurance agent at issue, the court found that he was so engaged and was thus potentially liable under the Texas Insurance Code. *Id.* at 487.

The Fifth Circuit applied that ruling to insurance adjusters, holding that "Texas law clearly authorizes Art. 21.21 actions against insurance adjusters in their individual capacities." *Gasch*, 491 F.3d at 280 (citing the since-repealed provision recreated in Chapter 541).

On the basis of these decisions, federal courts have repeatedly remanded cases involving Texas Insurance Code claims against adjusters similar to those of the present case. *See Diep*, No. 4:17-cv-438, at 10–13; *Mehar Holdings*, 2016 WL 5957681, at *4; *Richard v. Geovera Specialty*

---

[1] Tex. Ins. Code Art 21.21 §§2, 3, 4, repealed in 2005 and re-codified in substantially similar form in Chapter 541.

*Ins. Co.*, No. 4:16-CV-2496, 2016 WL 6525438, at *5 (S.D. Tex. Nov. 3, 2016). Those decisions reaching the opposite conclusion on adjuster liability are less well supported.

The Court concedes the reasonableness of its colleagues' alternative view. It simply finds that the matter is not fully resolved. When a decisive question of state law is in dispute, it "must be resolved in favor of remand because '[a]ny ambiguities are construed against removal and in favor of remand to state court." *Mehar Holdings*, 2016 WL 5957681, at *4 (quoting *Hood ex rel. Mississippi v. JP Morgan Chase Co.*, 737 F.3d 78, 84 (5th Cir. 2013)).

The determinative question is thus whether Palace Inn has supported its § 541.060(a)(2) claim against Mr. Carr with sufficient factual allegations. Palace Inn has alleged that Mr. Carr biased the engineering firm he used towards finding no covered damage through "directions, observations, and conclusions." (Doc. No. 6-1 at 6.) This specific action evinces the kind of absence of "good faith" contemplated under § 541.060(a)(2). Plaintiff has also claimed that Mr. Carr focused his investigation on the roof of the main building, gave cursory attention to the exterior areas of the Property, and failed to inspect the interior areas of the Property. (*Id.*) These site-specific reference points clearly constitute more than a mere recitation of the statutory elements. Plaintiff has also pled that Mr. Carr only visually checked for storm damage within a few sample test areas that were not representative of the roofs and failed to conduct any testing that would have identified the full extent of hail and wind damage. By highlighting the "limited visual inspection," Plaintiff's Complaint properly isolates a discrete action taken by Mr. Carr that suggests unfairness or bad faith. (*Id.*) The Complaint goes on to emphasize the specific areas of the Property that Mr. Carr's investigation wrongfully overlooked: "most of the hail and wind damage to the roofs of the main building and portico/covered entryway; the hail damage to the exterior stucco of the main building; the hail damage to exterior wooden fencing and metal

handrails and fencing; and the water intrusion damage in the boiler room and 2 guest rooms." (*Id.* at 6-7.) Finally, the pleading calls attention to the particular costs that Mr. Carr underestimated in his assessment: "materials, labor, taxes, and contractor overhead and profit." (*Id.* at 7.)

Defendants compare Palace Inn's allegations to pleadings that were found to be insufficient in *Johnson v. Travelers Home & Marine Ins. Co*., No. H-16-449, 2016 U.S. Dist. LEXIS 99281, at *7 (S.D. Tex. July 29, 2016). In *Johnson*, the plaintiff made the following allegation to support his § 541.060(a)(2)(A) claim: "[The defendant's] unfair settlement practices . . . of failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim, even though liability under the [policy] is reasonably clear, constitutes an unfair method of competition." (*Id.*) Justly, the *Johnson* court held that such "formulaic recitation of the statutory language" could not satisfy the Rule 8(a) standard. (*Id.* at 8.) Without question, the pleadings in this case are different, as evidenced in the paragraph above.

The Court holds that Plaintiff's allegations contain adequate detail to reach the threshold of facial plausibility and thus to state a claim on which relief can be granted under Texas Insurance Code § 541.060(a)(2)(A) against Mr. Carr. Because "the existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court," *Gray*, 390 F.3d at 412, the Court need not reach Plaintiff's numerous other claims.

Concerning Plaintiff's request for attorney's fees, the Court finds that the confused state of the law on § 541.060 gave Travelers "objectively reasonable grounds" to seek removal on the basis of improper joinder. *See Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004). As such, Palace Inn is not entitled to attorney's fees for the litigation of this issue.

## IV. CONCLUSION

The existence of a valid claim against Defendant Mr. Carr means that he was properly joined in this action. Because he is a citizen of Texas, like Plaintiff Palace Inn, the Court lacks diversity jurisdiction. Remand of the case to the Texas district court is required.

Accordingly, Plaintiff's Motion to Remand is **GRANTED**. Plaintiff's request for attorney's fees is **DENIED**. This case is **REMANDED** to the 281st Judicial District Court in Harris County, Texas.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 5th day of February, 2018.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE